UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : | |
| Plaintiff, | : | |
| | : | ___ Civ. ___ |
| v | : | |
| MICHAEL JERRY SAYLOR, | : | **FILED** |
| Defendant. | : | DEC 1 8 2000 |
| | : | NANCY MAYER WHITTINGTON, CLERK U.S. DISTRICT COURT |

00 2995

CONSENT AND UNDERTAKING OF
MICHAEL JERRY SAYLOR

1.     Defendant Michael Jerry Saylor enters a general appearance, admits the
jurisdiction of this Court over him and over the subject matter of this action, waives
service upon him of a Summons and of the Complaint of the Securities and Exchange
Commission in this action, and the filing of an Answer.

2.     Saylor without admitting or denying the allegations in the Complaint,
except as to jurisdiction, which he admits, and without trial, argument or adjudication of
any issue of fact or law, consents to the entry of the Final Judgment of Permanent
Injunction and Other Relief as to Michael Jerry Saylor  (the "Final Judgment"), in the
form annexed hereto and incorporated by reference herein, which (i) permanently
restrains and enjoins Saylor from violating Section 17(a) of the Securities Act of 1933
("Securities Act") and Section 10(b) of the Securities Exchange Act of 1934 ("Exchange
Act") and Rules 10b-5 and 13b2-1 thereunder, (ii) orders Saylor to disgorge unjust
enrichment of $8,280,000, and (iii) orders Saylor to pay a civil money

penalty of $350,000 pursuant to Section 20(d) of the Securities Act and Section 21(d) of the Exchange Act.

3.      Saylor agrees and undertakes to disgorge $8,280,000, consistent with the terms in paragraph VI of the Final Judgment.

4.      Saylor agrees and undertakes to pay a civil money penalty of $350,000 fifteen (15) business days from the entry of the Final Judgment.  Payment of the civil penalty is to be made by U.S. Postal money order, certified check, bank cashier's check, or bank money order, made payable to the Securities and Exchange Commission and shall be hand-delivered or mailed to the Comptroller, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Stop 0-3, Alexandria, VA 22312, under cover of a letter that identifies the defendant and the name and file number of this proceeding.  A copy of the cover letter and of the form of payment shall be simultaneously transmitted to Gregory S. Bruch, Esq., Securities and Exchange Commission, Division of Enforcement, 450 Fifth Street, N.W., Washington, D.C. 20549-0703.

5.      Saylor, without trial, argument or adjudication of any issue of fact or law, waives entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

6.      Saylor waives any right he may have to appeal from the Final Judgment to be entered in this action.

7.      Saylor enters into this Consent and Undertaking of Michael Jerry Saylor (the "Consent") voluntarily and of his own accord and represents that no threats, offers, promises or inducements of any kind have been made by the Commission or any member, officer, employee, agent or representative of the Commission to induce him to enter into this Consent.

8.      Saylor agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

9.      Saylor agrees that he will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection he may have based thereon.

10.     Saylor agrees that the Final Judgment may be presented by the Commission to the Court for signature and entry without further notice.

11.     Saylor waives service of the Final Judgment entered herein upon him and agrees that entry of the Final Judgment by the Court and filing with the Clerk in the United States District Court for the District of Columbia will constitute notice to him of the terms and conditions of such Final Judgment.

12.     Consistent with the provisions of 17 C.F.R. § 202.5(f), Saylor waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein.

13.     Saylor agrees and undertakes that, in connection with this action or any related judicial or administrative action or investigation undertaken by or on behalf of, or authorized by, the Commission or to which the Commission is a party, (a) he will produce documents and reasonably make himself available for interviews upon the request of the Commission or its staff on a travel cost reimbursable basis as provided for by applicable federal regulations; and (b) he will accept service by mail of subpoenas for any depositions, trials or hearings, and hereby waives the territorial limits on service set forth in Fed. R. Civ. P. Rule 45.

3

14.    Saylor understands and agrees to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegation in the complaint or order for proceedings" (17 C.F.R. §202.5(e). In compliance with this policy, Saylor agrees not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the Complaint, or creating the impression that the Complaint is without factual basis. If Saylor breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this provision affects Saylor's: (i) testimonial obligations; or (ii) right to take legal positions in litigation in which the Commission is not a party.

15.    Saylor agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

_____
Michael Jerry Saylor

Dated: 12/12/00.
County of Fairfax        )
                         )
State of Virginia        )

On this 12th day of December, 2000, Michael Jerry Saylor, being known to me and who executed the foregoing CONSENT AND UNDERTAKING OF MICHAEL JERRY SAYLOR, personally appeared before me and did duly acknowledge to me that he executed the same.

_____
Notary Public

My Commission expires 11/30/03

4